1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
9                  AT SEATTLE

10   DANIEL BERRY,                        CASE NO. C12-1494 MJP

11               Plaintiff,               ORDER ADOPTING REPORT AND
                                          RECOMMENDATION
12       v.

13   CAROLYN W. COLVIN,  Acting
     Commissioner of Social Security,
14
                 Defendant.
15

16
         This matter comes before the Court on Plaintiff's Objections to the Report and
17
     Recommendation of the Honorable Mary Alice Theiler, United States Magistrate Judge (Dkt.
18
     No. 22). (Dkt. No. 25.) The Court reviewed the Report and Recommendation, the Objections,
19
     and the record in this matter and ADOPTS the Report and Recommendation.
20
                              **Relevant Background**
21
         Plaintiff initially filed an application for disability benefits in September of 2005. (AR
22
     66). The Commissioner denied Plaintiff's application initially and on reconsideration. (AR 58-
23
     59, 61-63, and 531.) Plaintiff requested a hearing which took place on July 26, 2007. (AR 12.)
24

ALJ John Bauer issued a decision finding Plaintiff not disabled because he could perform his past relevant work as a courier. (AR 23-24.) Plaintiff appealed the ALJ's decision to the United States District Court. On February 27, 2009, U.S. District Judge Franklin D. Burgess adopted the Report and Recommendation of U.S. Magistrate Judge Karen L. Strombom, affirming the ALJ's decision. Berry v. Astrue, C08-5149-FDB-KLS (Dkt. No. 22).

Plaintiff appealed the District Court's decision to the United States Court of Appeals for the Ninth Circuit and on September 22, 2010, the Ninth Circuit affirmed in part and reversed in part, remanding the case back to the ALJ for further administrative proceedings. Berry v. Astrue, 622 F.3d 1228 (9th Cir. 2010). The Ninth Circuit noted ALJ Bauer's decision ended at step four in the disability determination, without reaching step five. Id. at 1231. On appeal, the Ninth Circuit primarily addressed Plaintiff's argument the ALJ erred by finding Berry could return to his past work as a courier regardless of whether that work has a drug testing requirement he could not meet because of his prescription medication. Id. The Court found Plaintiff should have been allowed to make a record as to whether his medically required need to take prescription drugs would bar him from working as a courier. Id. The Court reversed the ALJ's decision and remanded on the grounds that "Berry must be permitted to prove his contention that drug testing requirements make it physically impossible for him to perform his past relevant work." Id. at 1234.

The Ninth Circuit also noted Plaintiff raised several other arguments related to the ALJ's evidentiary decisions, adverse credibility findings, RFC determination, and decision to disagree with a Department of Veterans Affairs ("VA") determination the Plaintiff was disabled. Berry, 622 F.3d at 1234. They said, "Although our broad remand leaves the ALJ free to revisit these rulings, in the interest of efficiency we address Berry's arguments to the extent they may be

relevant on remand." Id. The Ninth Circuit found all of the ALJ's rulings on these issues

supported, except they found the decision to disagree with the VA determination only partially

supported. Id. at 1234-1236. On the issue of the VA determination, the Ninth Circuit said the

ALJ properly disagreed with the VA as to Plaintiff's sleep apnea and back pain, but found those

supported disagreements did not "represent a complete basis for discounting the VA's disability

determination." They found, accordingly, "the ALJ on remand should consider with appropriate

deference the effect, if any of the other bases for the VA's disability determination." Id. at 1236.

On remand, Plaintiff appeared and testified at a new hearing held April 25, 2011. (AR

531.) ALJ Larry Kennedy issued a decision finding Plaintiff not disabled. (Id.) On remand, the

ALJ allowed Plaintiff an opportunity to prove drug testing is imposed on courier drivers and

found Plaintiff did not meet his burden. (AR at 537-38.) The ALJ found Plaintiff did not

demonstrate he was required to obtain a commercial drivers license as a courier, and that his

supervisors were aware of his prescribed pain medication and looked the other way. (AR at 537.)

The ALJ also reconsidered the VA's finding Plaintiff was unemployable because he could not

pass a drug test, and again discounted the VA's opinion. (AR 536.) The ALJ found the VA's

finding was "an unsupported generalization and a misstatement of the law." (Id.) The ALJ did

not find any "compelling basis" to alter the prior ALJ's Residual Functional Capacity ("RFC")

assessment. (AR 539.)

Plaintiff appealed the second ALJ's decision. (AR 551.) The Appeals Council declined to

assume jurisdiction, making the ALJ's ruling the "final decision" of the Commissioner as that

term is defined by 42 U.S.C. §405(g). (AR 524-27.) Plaintiff timely filed the present action

challenging the ALJ's decision. (Dkt. No. 22 at 3.)  Magistrate Judge Theiler issued a Report and

Recommendation that the Court affirm the Commissioner. (Dkt. No. 22.) The Report and

1   Recommendation found the ALJ gave specific, valid and supported reasons for discounting the

2   VA opinion. (Id. at 7.) It also found the ALJ was not required to make any redetermination of

3   Plaintiff's RFC on remand, and the ALJ's analysis at step four was consistent with the mandate

4   of the Ninth Circuit. (Id. at 8-9.) Finally, the Report and Recommendation noted any error at step

5   four could have been corrected by the ALJ's step five findings that Plaintiff could perform other

6   work available in large numbers in the economy, and the ALJ properly relied on a vocational

7   expert ("VE") in making this determination. (Id. at 11-12.)

8        Plaintiff filed Objections to the Report and Recommendation. (Dkt. No. 25.) The

9   Objections raise two arguments: (1) the ALJ interpreted the Ninth Circuit's ruling on drug testing

10  too narrowly, and (2) the ALJ's proceeding to step five of the sequential evaluation process does

11  not make an erroneous step four finding harmless. (Id. at 2-4.)

12                                    **Analysis**

13  I.      Standard of Review and Applicable Law

14       Under Federal Rule of Civil Procedure 72, the district judge must resolve de novo any

15  part of the Magistrate Judge's Report and Recommendation that has been properly objected to

16  and may accept, reject, or modify the recommended disposition. Fed. R. Civ. P. 72(b)(3); See

17  also 28 U.S.C. § 636(b)(1).

18       Social Security Administration ("SSA") regulations require an ALJ to perform a five-step

19  evaluation to determine if a claimant is disabled. 20 C.F.R. § 404.1520; Bustamante v.

20  Massanari, 262 F.3d 949, 955 (9th Cir. 2001). The first step looks at whether the claimant is

21  engaged in "substantial gainful activity." 20 C.F.R. § 404.1520. The second step requires the

22  claimant to establish he or she has one or more medically severe impairments. Id. Step three

23  determines whether the impairment meets a listed requirement, as provided by the regulations.

24

Id. Step four determines the claimant's "residual functional capacity," which is a determination of whether the claimant can perform his or her past relevant work. Id. Finally, if the claimant's residual functional capacity shows the claimant is unable to perform relevant past work, step five requires the Commissioner to demonstrate the claimant is able to adjust to another type of work. Id. The decision is based on the claimant's residual functional capacity, age, education, and work experience. Id.

    II.    Step Four and Ruling on Drug Testing Requirement

    Plaintiff argues the Report and Recommendation conflates the issues of the VA determination and the changes ordered by the Ninth Circuit to the step four assessment. (Dkt. No. 25 at 3.) Plaintiff contends, "The issue is not whether Mr. Berry was using prescription medications or illegal drugs. The use of opiate based medications is the disqualifying factor." (Id.) This argument confuses what is required at step four.

    At step four, the claimant has the burden of showing that he is no longer able to perform his past relevant work. Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001). The original ALJ found Plaintiff could perform past relevant work without allowing him to present evidence that he was precluded from working as a courier because of mandatory drug testing requirements. Berry, 622 F.3d at 1233. This was the basis for remand by the Ninth Circuit. Id. at 1234.  The Ninth Circuit held, "Berry must be permitted to prove his contention that drug testing requirements make it physically impossible for him to perform his past relevant work." Id.

    On remand, the ALJ properly allowed Plaintiff an opportunity to prove that drug testing is imposed on employers of courier drivers. (AR 537.) The ALJ separately addressed the issue of the VA's findings, without conflating the two issues. (AR 536.) While Plaintiff is correct that the Report and Recommendation discusses the VA's findings under the heading of "step four," and

1   in places addresses the issues of the VA findings and Plaintiff's drug testing argument

2   concurrently, Plaintiff is incorrect that this creates an error. Both issues are related to Plaintiff's

3   ability to perform past relevant work, which is the determination at step four. As discussed

4   above, the ALJ addressed the issues separately and appropriately.  There is no error with the

5   Report and Recommendation as to the ALJ's step four analysis. Even if there were error, as

6   discussed below, the error would be harmless because of the ALJ's findings at step five.

7           III.       Step Five and Harmless Error

8           The burden of showing harmful error is on the party attacking the agency's

9   determination. <u>Shinseki v. Sanders</u>, 556 U.S. 396 (2009). While <u>Shinseki</u> deals with benefits by

10  the VA and not the SSA, the Ninth Circuit has adopted a general rule for harmless error analysis

11  in all federal administrative cases. <u>McLeod v. Astrue</u>, 640 F.3d 881, 887 (9th Cir. 2011).  Courts

12  apply harmless error in the social security context. <u>Id.</u> at n.25.

13
14          Plaintiff's primary argument on this point is any error at step four could only be made

    harmless through moving to step five "by finding the RFC in the first decision was proper and
15
    could not be challenged in the second decision." (Dkt. No. 25 at 4.) Plaintiff alleges any error at
16
    step four was not harmless because the ALJ was required "to revisit the RFC assessment as
17
    reflected in the [Ninth Circuit's] discussion of the reason for not accepting the decision of the
18
    first ALJ in rejecting the VA disability determination." (<u>Id</u>. at 5.) This is a mischaracterization of
19
    the Ninth Circuit's ruling.
20

21          First, the opinion of the Ninth Circuit is very clear that the ALJ on remand may, but is not

22  required, to revisit Plaintiff's RFC. <u>Berry</u>, 622 F.3d at 1234. The ALJ was not acting improperly

23  in adopting the first ALJ's RFC determination. Second, in regards to the VA determination, the

24  Ninth Circuit said the ALJ on remand "<u>should</u> reconsider with appropriate deference the effect, if

1   any, of other bases for the VA's disability determination." <u>Id</u>. at 1236 (emphasis added). As a

2   preliminary matter, the language of the Ninth Circuit does not indicate such reconsideration is

3   required. More importantly, the ALJ on remand did address this issue. (AR 535.) As discussed in

4   the Report and Recommendation, ALJ again discounted the VA's conclusion that Plaintiff was

5   unemployable because of his pain medication regime. (AR 536, Dkt. No. 22 at 12.) This

6   conclusion was within the requirements of the Ninth Circuit's order. The Report and

7   Recommendation is correct in finding any error at step four is harmless because of the ALJ's

8   finding at step five.

9                                    <u>**Conclusion**</u>

10          After careful consideration of Plaintiff's complaint, the parties' briefs, Plaintiff's

11  Objections, and all papers and exhibits filed in this case, the Report and Recommendation of the

12  Honorable Mary Alice Theiler, United States Magistrate Judge is ADOPTED. The Court

13  AFFIRMS the decision of the Commissioner.

14          The clerk is ordered to provide copies of this order to all counsel and to Judge Theiler.

15          Dated this 23rd day of September, 2013.

16

17

18

19                                  Marsha J. Pechman
                                    Chief United States District Judge
20

21

22

23

24